IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01968-MSK-BNB

VOLUME SERVICES, Inc., d/b/a Centerplate,

Plaintiff,

v.

MIKE SWEENY,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion for Default Judgment** [Doc. # 9, filed
11/4/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED IN
PART and DENIED IN PART, and that default judgment pursuant to Fed. R. Civ. P. 55(b) be
entered in favor or the plaintiff and against the defendant as specified below.

I held a hearing on the Motion on November 18, 2009. The plaintiff ("VSI") appeared ,
but no one appeared on behalf of the defendant ("Sweeny"). I took evidence at the hearing
establishing VSI's entitlement to judgment by default against Sweeny and the amount of
damages to which VSI is entitled.

**LEGAL STANDARD**

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in
relevant part:

**(b)  Entering a Default Judgment.**
**(2)  *By the Court.*** In all other cases [not subject to subpart (b)(1)], the
party must apply to the court for a default judgment.  A default judgment
may be entered against a minor or incompetent person only if represented
by a general guardian, conservator, or other like fiduciary who has
appeared.  If the party against whom a default judgment is sought has
appeared personally or by a representative, that party or its representative
must be served with written notice of the application at least 3 days before
he hearing.  The court may conduct hearings or make referrals–preserving
any federal statutory right to a jury trial–when, to enter or effectuate
judgment, it needs to:
**(A)**  conduct an accounting;
**(B)**  determine the amount of damages;
**(C)**  Establish the truth of any allegations by evidence; or
**(D)**  Investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  A trial court

is vested with broad discretion in deciding whether to enter a default judgment.  Grandbouche v.

Clancy, 852 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default has been established, defendant has no further standing to contest the

factual allegations of plaintiff's claim for relief."  10A Wright, Miller & Kane, Federal Practice

and Procedure: Civil 3d § 2688 at p. 63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115,

1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a

claim on the merits").  In addition:

> Even after default, however, it remains for the court to consider
> whether the unchallenged facts constitute a legitimate cause of
> action, since a party in default does not admit mere conclusions of
> law. . . .  Once the court determines that a judgment by default
> should be entered, it will determine the amount and character of
> the recovery that should be awarded.

10A Wright, Miller & Kane, supra.

**FINDINGS AND CONCLUSIONS**

I find and conclude as follows:

1.      This action was commenced by the filing of the Complaint [Doc. #1, filed 8/19/2009].  Jurisdiction exists pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the parties are of diverse citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2.      Service of process was perfected against Sweeny by delivering a copy of the Complaint to him and by his execution of a Waiver of Service of Summons, executed on September 1, 2009 [Doc. # 3, filed 9/1/2009].  Sweeny failed to answer or otherwise respond to the Complaint within the time allowed, and he has never answered or otherwise responded.  The Clerk of the Court entered a default against Sweeny pursuant to Fed. R. Civ. P. 55(a) on November 9, 2009 [Doc. # 11].

3.      Sweeny is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service.  Affidavit In Support of Motion for Default Judgment [Doc. # 9-3] (the "Paoletti Aff.") at ¶ 4.

4.      VSI operates the food and merchandise concessions at Invesco Field in Denver, Colorado.  Complaint at ¶¶6-7.

5.      At all times relevant to the Motion, Sweeny was employed as VSI's general manager at Invesco Field.  Id. at ¶ 8.  Sweeny was responsible for supervising all of VSI's concession operations at Invesco Field.  Id. at ¶9.

6.      Sweeny engaged in a scheme beginning in approximately April 2008 and continuing through at least June 2009 by which he converted for his own benefit funds belonging

to VSI.  The transactions by which Sweeny converted funds from VSI are summarized in Exh.1 [Doc. # 13-2].  The details of the transactions are contained in Exhs. 2 through 34 [Doc. # 13-2]. Sweeny's scheme took several forms.

7.      Most often, Sweeny created a fictitious invoice from a VSI vendor, see, e.g., Exhs. 2, 7, 9, 11, 13, 16, 18A, 19, 21, 23, 25, 27, 30, and 32 [Doc. # 13-2]; caused a check to be issued from VSI  to the order of the vendor purportedly to pay the invoice, see, e.g., Exhs. 3, 4, 8, 10, 12, 14, 15, 17, 18, 20, 22, 24, 26, and 28 [Doc. # 13-2]; indorsed the check in VSI's name and caused the bank to pay the proceeds from the check to VSI; then stole the cash received when the check was paid.

8.      In other instances, Sweeny created a fictitious invoice from a VSI vendor, purportedly evidencing merchandise purchased by VSI.  See, e.g., Exh.5 [Doc. # 13-2].  Sweeny then caused a check to be issued to the VSI vendor for payment of the invoice.  See, e.g., Exh.6 [Doc. # 13-2].  In fact, however, Sweeny used the VSI check to pay for merchandise purchased for his own benefit.  In the case of Exhibits 5 and 6, for example, the fictitious invoice prepared by Sweeny indicated that VSI had purchased "Obama '08 trinkets" from Beautiful Jewelry for $40,850.  Exh. 5 [Doc. # 13-2].  In fact, Beautiful Jewelry is a high-end jewelry company.  It did not sell "Obama '08 trinkets" to VSI.  To the contrary, VSI's investigation revealed that Sweeny purchased an engagement ring from Beautiful Jewelry for his own benefit and used the VSI check, Exh.6 [Doc. # 13-2], to pay for the ring.

9.      In other instances, Sweeny stole cash from the VSI safe at Invesco Field.  See, e.g., Exhs.30-31 [Doc. # 13-2].

10.      In still other instances, Sweeny stole money from VSI's cash room as money was

received from VSI's various Invesco Field concession stands, was counted, and was placed in

VSI's safe at Invesco Field.  <u>See</u>, <u>e.g.</u>, Exh.33 [Doc. # 13-2].

> 11.     Sweeny converted funds belonging to VSI in the amount of $347,329.25.

**ANALYSIS**

> **1.   Conversion**

VSI's Complaint asserts a single claim for relief against Sweeny for conversion.

Complaint [Doc. # 1] at p. 2.  Under Colorado law, conversion is "any distinct, unauthorized act

of dominion or ownership exercised by one person over personal property belonging to another."

<u>Byron v. York Investment Co.</u>, 296 P.2d 742, 745 (Colo. 1956).  A conversion may include the

unauthorized retention of the money of another.  <u>A-1 Auto Repair & Detail, Inc. v. Bilunas-</u>

<u>Hardy</u>, 93 P.3d 598, 602-03 (Colo. App. 2004).

The unrefuted factual assertions of the Complaint and the evidence received at the

evidentiary hearing establish that Sweeny converted money and/or other personal property

belonging to VSI with a value of $347,329.25.  A default judgment in that amount should enter

in favor of VSI and against Sweeny.

> **2.   Attorneys' Fees, Costs, and Expenses**

VSI's Complaint also seeks an award of attorneys' fees, costs, and expenses, Complaint

[Doc. # 1] at p. 3, but it does not specify the basis for such awards.

Rule 54(d), Fed. R. Civ. P., provides that costs, other than attorney fees,  should be

awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made

upon the filing of a bill of costs.  The plaintiff should be awarded its costs pursuant to 28 U.S.C.

§ 1920 upon the filing of a proper bill of costs.

Under Colorado law, "[a]s a general rule, and in the absence of any contractual or statutory liability therefor, attorneys' fees and expenses of litigation of a plaintiff's claim are not recoverable as an item of damages either in a contract or a tort action." Beebe v. Pierce, 521 P.2d 1263, 1264-65 (Colo. 1974). Here, the plaintiff in its Motion claims an entitlement to attorneys fees pursuant to the Colorado Rights in Stolen Property statute, section 18-4-405, C.R.S. The plaintiff's Motion also seeks an award of treble damages under that statute.[1] Importantly, however, the plaintiff did not plead in its Complaint a claim under section 18-4-405, C.R.S., and it has never moved to amend its Complaint to assert such a claim.

Rule 54(c), Fed. R. Civ. P., provides in its initial sentence that "[a] default judgment must not differ in kind from, or exceed in amount, what was demanded in the pleadings." The import of this provision has been explained as follows:

> The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.

10 Wright, Miller & Kane, supra, at §2663, pp. 166-67. Thus, in Marina B Creation S.A. v. de

---

[1]Colorado's Rights in Stolen Property statute, section 18-4-405, C.R.S., provides in relevant part:

> All property obtained by theft, robbery, or burglary shall be restored to the owner. . . . In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees. . . .

Maurier, 685 F. Supp. 910, 912 (S.D.N.Y. 1988), the court in a patent infringement case refused

to award treble damages where the amended complaint did not seek them, stating:

> [T]he portion of the *ad damnum* clause in Marina B's amended complaint seeking damages for patent infringement prays for "all profits received by the defendants and all damages sustained by plaintiffs or any of their licensees on account of defendants' infringement of plaintiffs patented jewelry creations. . . ."  No demand for treble damages is made.  Thus, this court will not increase damages beyond what was originally sought.

In this case, the Complaint states a single claim for relief for conversion.  The Complaint

makes no mention whatsoever of the Colorado Rights in Stolen Property statute, section 18-4-

405, C.R.S.  The prayer for relief seeks "[a] judgment in favor of Centerplate in the amount of

$357,334.25," and says nothing about trebling.  Complaint [Doc. # 1] at p. 3.  Although the

Complaint does request an award of attorneys fees, there is no right to such an award in a

Colorado common law claim for conversion.  To treble damages or award attorneys fees under

these circumstances would violate Rule 54(c) by improperly expanding the type and dimension

of relief sought in the pleadings.

### 3.  Prejudgment Interest

VSI's Complaint also seeks the award of prejudgment interest.  Complaint [Doc. # 1] at

p. 3.  "It is well-established that a federal court sitting in diversity applies state law, not federal

law, regarding the issue of prejudgment interest."  AE, Inc. V. Goodyear Tire & Rubber Co., 576

F.3d 1050, 1055 (10th Cir. 2009).  Colorado's prejudgment interest rule is contained in section

5-12-102, C.R.S.  Here, section 5-12-102(1)(b) controls, and VSI is entitled to prejudgment

interest at the rate of 8% per annum.  The Paoletti Affidavit [Doc. # 9-3] establishes VSI's claim

for prejudgment interest at $38,531.93.  Id. at ¶6(b).

**RECOMMENDATION**

I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART as follows:

GRANTED to award judgment in favor of the plaintiff and against the defendant, Mike Sweeny, in the principal amount of $347,329.25;

GRANTED to award prejudgment interest to the plaintiff in the amount of $38,531.93;

GRANTED to awarded the plaintiff its costs upon the filing of a bill of costs pursuant to 28 U.S.C. § 1920; and

DENIED insofar as the plaintiff seeks the award of treble damages and attorneys fees pursuant to the Colorado Rights in Stolen Property statute, section 18-4-405, C.R.S.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 3, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge